UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOPHIA SEYMORE                                       CIVIL ACTION

VERSUS                                               NO. 12-1128

TERREBONNE PARISH SCHOOL BOARD        SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Terrebonne Parish School Board ("TPSB").  Rec. Doc. 59.  Having considered the record, the memoranda of counsel and the law, the Court finds that summary judgment is appropriate for the following reasons.

The plaintiff, Sophia Seymore ("Seymore") filed this complaint under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-2 and the Louisiana Anti-Discrimination laws seeking damages relating to her 2010 resignation as principal of the School for Exceptional Children in Houma, Louisiana  and the failure of TPSB to rehire her over three white male candidates.  Rec. Doc. 1.  In this motion, the defendant argues that the plaintiff cannot establish a claim of disparate treatment under Title VII as a matter of law.  Specifically,

TPSB argues the undisputed facts establish that Seymore engaged in physically and verbally abusive conduct against a student with special needs while she was principal, that she voluntarily resigned in lieu of an administrative hearing after the student's parents complained and prior to media coverage of the incident, and that she pled guilty to related criminal charges.[1] In opposition, Seymore argues that she was forced to resign by the defendant's employees Debra Yarbrough, supervisor of personnel for TPSB, and Lisa Holmes, the plaintiff's best friend and special education at the special education office for TPSB, in order to be later rehired. She also claims that her forced resignation constitutes disparate treatment when compared to a situation involving a white male assistant principal in 2002.

Summary judgment is appropriate if the movant shows there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a). The summary judgment analysis is the same under Title VII and § 1981. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir.2004). In addition, Louisiana employment discrimination claims are analyzed in the same manner as those under

---

[1] With regard to the failure to rehire, the defendant argues that none of the plaintiff's three white male applicant comparitors had previously abused a student and that she was not offered a position after her resignation because of the pending criminal charges and guilty plea. The plaintiff does not address the alleged failure to rehire claim in her opposition other than to acknowledge that she was not eligible for rehire. Rec. Doc. 64 at 5–6. The Court deems that claim to be voluntarily dismissed.

Title VII. *King v. Phelps Dunbar, LLP*, 743 So.2d 181, 187 (La. 1999). The Court applies the *McDonnell Douglas* burden-shifting analysis to determine if summary judgment is appropriate. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

To survive summary judgment under *McDonnell Douglas*, the plaintiff must make a *prima facie* case by demonstrating that: (1) she was a member of a protected class, (2) she was qualified for his position, (3) she was subjected to adverse employment action, and (4) similarly situated employees not in her protected class were treated more favorably in like circumstances. *McDonnell Douglas*, 411 U.S. at 802; *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004). If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination. *Davis*, 383 F.3d at 317.

The Court finds that the plaintiff is unable to prove a *prima facie* case of discrimination under the undisputed facts, in part, due to her refusal to address the issue of the criminal charges. It appears that, despite the plaintiff's apparent refusal to

3

release her criminal records in this matter, the defendant has established through undisputed deposition testimony that Seymore did admit to her guilt of simple battery of the infirm and was placed in the pre-trial intervention program for a two-year probationary term, after which time the charges were not prosecuted. Rec. Doc. 59, Exhs. 12; Rec. Doc. 64, Exh. 13. Not only should these undisputed facts serve to disqualify Seymore for the position of principal at a special-needs school, the Court finds that the undisputed facts preclude a finding that Seymore was subjected to adverse employment action because she was "forced" to resign with a promise of being rehired in the face of impending unfavorable media coverage of the incident.[2] Finally, the undisputed facts fail to establish that similarly situated employees not in her protected class were treated more favorably in like circumstances. The plaintiff's relies on the affidavit of a former high school student attesting to the alleged failure of a white male assistant high school principal to assist an asthmatic student who died at school in 2002. Rec. Doc. 64, Exh. 12. There is no fact set forth in that affidavit to support a finding that the white male's alleged failure to assist the student could remotely be comparable to the undisputed facts surrounding the plaintiff and the resulting criminal proceedings. Even if the plaintiff had somehow established a *prima facie* case of

---

[2] Again, the plaintiff acknowledges in opposition that she was not eligible to be rehired because of these allegations. Rec. Doc. 64 at 6.

discrimination, the defendant has provided a legitimate nondiscriminatory reason for her resignation and for failing to rehire that can not be shown to be pretextual.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, Terrebonne Parish School Board is GRANTED.  Rec. Doc. 59.

New Orleans, Louisiana, this 18th day of July, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT